IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL H. ORNELAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1072-B-BN |
| | § | |
| CHARLES RAY BROWN, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Charles Ray Brown, proceeding *pro se*, removed to this Court a civil action arising out of an eviction proceeding brought in state court by Plaintiff Manuel H. Ornelas. This resulting action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

On April 30, 2018, the undersigned entered an order questioning the existence of federal subject matter jurisdiction and requiring that, by May 30, 2018, Mr. Brown file a properly-supported, written response to establish that jurisdiction exists or, alternatively, submit a written response advising the Court whether he will agree that the case should be remanded to state court. *See* Dkt. No. 5.

Now, almost two weeks past that deadline – and past the deadline to move to remand this action "on the basis of any defect other than lack of subject matter jurisdiction," 28 U.S.C. § 1447(c) – neither has Mr. Brown complied with the April 30, 2018 order, nor has a motion to remand been filed.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should *sua sponte* remand this action to state court for lack of subject matter jurisdiction.

**Legal Standards and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Notice of Removal does not appear to establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

Nor does it appear that there is diversity jurisdiction under 28 U.S.C. § 1332, which requires that each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Focusing on federal question jurisdiction – since the Notice of Removal substantively asserts that there was a "taking of real property by an illegal non-judicial foreclosure methodology without due process," Dkt. No. 3 at 2 – to support removal under that basis, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears

on the face of the complaint some substantial, disputed question of federal law.'" *Hot-Hed*, 477 F.3d at 323 (quoting *Carpenter*, 44 F.3d at 366). Several pleadings or portions of pleadings from the state eviction proceeding are attached to the Notice of Removal, but no allegations on those pages support federal question jurisdiction. *See* Dkt. No. 3 at 5. And, to the extent that Mr. Brown believes that his federally-protected right to due process has been violated, *see id.* at 2, any belief that asserting a defense or counterclaim based on a federally-protected right in a state-law-based eviction action confers federal question jurisdiction is an "overly broad understanding of federal jurisdiction," *Fed. Nat'l Mortg. Ass'n v. Smith*, No. 3:13-cv-1901-K-BN, 2013 WL 1759521, at *5 (N.D. Tex. Apr. 5, 2013) (collecting cases, including *Fed. Nat'l Mortg. Ass'n v. Perez*, No. CV 13-01082 MMM (SHx), 2013 WL 1010535, at *3 (C.D. Cal. Mar. 14, 2013) ("With respect to the remaining statutes cited by Perez, e.g., the securities fraud statutes, the [Fair Debt Collection Practices Act], the civil rights statutes, the ESSA and the ARRA, they are neither expressly nor implicitly raised in plaintiff's complaint, and defenses and potential counterclaims will not support federal question jurisdiction."), *rec. adopted*, 2013 WL 1763479 (N.D. Tex. Apr. 24, 2013).

A defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cty.,*

*Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490. When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *see*

*also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

In the Notice of Removal, Mr. Brown does not allege, much less show, that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in the state-court eviction action or that Plaintiff's state law claims are completely preempted by federal law. As a result, subject matter jurisdiction does not exist under Section 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)); *cf. Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a]

justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."); *U.S. Bank Nat'l Ass'n v. McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Wells Fargo Bank v. Matts*, No. 3:12-cv-4565-L, 2012 WL 6208493, at *4-*5 (N.D. Tex. Dec. 13, 2012) (same).

For these reasons, federal jurisdiction over this action is lacking and *sua sponte* remand is required.

**Recommendation**

The Court should *sua sponte* remand this action to the court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 12, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE